GARY M. RESTAINO
United States Attorney
District of Arizona

MARIA R. GUTIERREZ
Arizona State Bar No. 026659
BRANDON M. BROWN
Arizona State Bar No. 028892
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Maria.Gutierrez@usdoj.gov
Email: Brandon.Brown3@usdoj.gov
Attorneys for Plaintiff

FILED _____ LODGED
_____ RECEIVED _____ COPY

NOV 0 5 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Jorge Adan Garcia Martinez,<br>(Counts 1-3, and 17-18)<br><br>2. Jose Guadalupe Cota Garcia,<br>(Counts 7-14)<br><br>3. Jonathan Daniel Hernandez Noriega,<br>(Counts 1, and 4-6)<br><br>4. Carlos Eduardo Diaz-Barba, and<br>(Counts 1, and 17-18)<br><br>5. Roani Hernandez Jr.,<br>(Counts 15-16)<br><br>Defendants. | No.   **CR-24-1820-PHX-DJH (MTM)**<br><br>**I N D I C T M E N T**<br><br>VIO:   18 U.S.C. § 371<br>(Conspiracy)<br>Count 1<br><br>18 U.S.C. §§ 922(a)(6) & 924(a)(2)<br>(Material False Statement During the Acquisition of a Firearm)<br>Counts 2-10, and 15-16<br><br>18 U.S.C. § 924(a)(1)(A)<br>(False Statement During the Purchase of a Firearm)<br>Counts 11-14<br><br>18 U.S.C. § 554(a)<br>(Attempted Smuggling Goods from the United States)<br>Count 17<br><br>18 U.S.C. § 924(h)<br>(Receipt of a Firearm for Use in a Drug Trafficking Crime)<br>Count 18<br><br>18 U.S.C. § 2<br>(Aiding and Abetting)<br>Counts 2, and 17-18 |

18 U.S.C. §§ 924(d), 981
21 U.S.C. §853
28 U.S.C. §2461(c)
(Forfeiture Allegation)

**THE GRAND JURY CHARGES:**

At all times material to this indictment, within the District of Arizona and elsewhere:

## COUNT 1

## INTRODUCTION

1.     Only licensed firearms importers, manufacturers, or dealers may engage in the business of dealing in firearms or in the course of such business may ship or transport firearms in interstate and foreign commerce.

2.     The transport, shipment, and exportation of certain firearms from the United States to Mexico require a license from the United States Department of Commerce. At all times relevant to this indictment, non-automatic, semi-automatic, and fully automatic firearms to caliber .50 inclusive, and all components and parts for such firearms, and their ammunition, were listed items on the Export Control Reform Act; thus, requiring a license to transport, ship, and export from the United States.

3.     At all times relevant to this indictment, the Defendants JORGE ADAN GARCIA MARTINEZ, JONATHAN DANIEL HERNANDEZ NORIEGA, and CARLOS EDUARDO DIAZ-BARBA were not licensed under the provisions of Chapter 44 of Title 18, United States Code to deal in firearms, and did not possess a license from the United States Department of Commerce to export or send firearms from the United States to Mexico.

4.     At all times relevant to this indictment, Defendants JORGE ADAN GARCIA MARTINEZ, JONATHAN DANIEL HERNANDEZ NORIEGA, and CARLOS EDUARDO DIAZ-BARBA knew and had reasonable cause to believe, that the persons receiving the firearms in Mexico were not residents of Arizona.

5.     At all times relevant to this indictment, USA Pawn, Jones & Jones, and Sprague's Sports were Federal Firearms Licensees (FFLs) operating in Arizona and

- 2 -

licensed under the provisions of Chapter 44 of Title 18, United States Code. As such, the provisions of Chapter 44 of Title 18 required FFLs to maintain certain records of firearms transaction, including Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473, Firearms Transaction Record. ATF Form 4473 requires a firearms purchaser truthfully to provide certain information, including the purchaser's residential address and whether the person purchasing a firearm is the true purchaser of the firearm.

**The Conspiracy to Acquire and Smuggle Firearms to Mexico**

6. From on or about April 2023, through on or about November 4, 2024, in the District of Arizona and elsewhere, Defendants JORGE ADAN GARCIA MARTINEZ, JONATHAN DANIEL HERNANDEZ NORIEGA, and CARLOS EDUARDO DIAZ-BARBA did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit the following offenses against the United States:

(1) Title 18, United States Code, Section 924(a)(1)(A), Making a False Statement in the Acquisition of a Firearm; and

(2) Title 18, United States Code, Section 554(a), Smuggling Goods from the United States, namely firearms, in violation of any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819, and Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774.

7. From on or about April 2023, through on or about November 4, 2024, Defendants JORGE ADAN GARCIA MARTINEZ, JONATHAN DANIEL HERNANDEZ NORIEGA, and CARLOS EDUARDO DIAZ-BARBA unlawfully conspired to acquire and obtain firearms at the direction of and on behalf of other individuals not residing in Arizona, through the use of false statements and representations in the acquisition of the firearms, in violation of 18 U.S.C. § 924(a)(1)(A).

8. Further, from on or about April 2023, through on or about November 4, 2024, Defendants JORGE ADAN GARCIA MARTINEZ, JONATHAN DANIEL HERNANDEZ NORIEGA, and CARLOS EDUARDO DIAZ-BARBA unlawfully

conspired to acquire firearms for the purpose and with the intention of sending and exporting the firearms from the United States to Mexico contrary to federal law and regulations; and otherwise facilitated the export of acquired firearms from the United States to Mexico contrary to federal law and regulations, including (i) federal firearms laws and regulations, and (ii) U.S. export control laws and regulations, specifically exporting and sending firearms from the United States to Mexico, without having applied for or obtaining any license from the Department of Commerce, in violation of 18 U.S.C. § 554(a).

**Purpose of the Conspiracy**

9. The purpose of this conspiracy was to (i) unlawfully acquire firearms at the direction of and on the behalf of other individuals not residing in Arizona, (ii) by means of the use false statements and representations that were made with the intent that said false statements and representations would be submitted into the records required by law to be kept by FFLs; and (iii) illegally export and send firearms to the true purchasers and end users who resided in Mexico; specifically, with regard to the false statements and presentations used in the purchase of each firearm, that the individual completing the record was the actual transferee/buyer of the firearm and not acquiring the firearm on behalf of another person, when in fact the individual completing the record was acquiring the firearm on behalf of another person. The firearms that were acquired to be exported and sent from the United States to Mexico, included:

- one Century Arms BFT47 7.62x39 rifle, serial number: BFT47012522;
- one Century Arms BFT47 7.62x39 rifle, serial number: BFT47008526;
- one Canik Mete SFT 9mm pistol, serial number: 21CC24395;
- one Carl Walther, model 1911, .22 LR caliber pistol, serial number: WD086208;
- one Carl Walther, model 1911, .22 LR caliber pistol, serial number: WD086224;
- one Glock, model 19x, 9mm caliber pistol, serial number: CBVF597,
- one Glock, model 17 Gen5, 9mm caliber pistol, serial number: CBCT595.
- one Glock 44 22LR caliber pistol, serial number AHHH522;
- one Glock 44 22LR caliber pistol, serial number AHRB965;

- one Colt 1911 22LR caliber pistol, serial number WD093215;
- one Colt 1911 22LR caliber pistol, serial number WD093221; and
- one Colt 1911 22LR caliber pistol, serial number WD093317;

**The Means and Method of the Conspiracy**

10. The means and methods employed by the Defendants and their known and unknown coconspirators to carry out the conspiracy and effect its unlawful object are as follows:

a) It was part of the conspiracy that certain Defendants would receive orders and directions regarding the acquisition of firearms from purchasers who resided in Mexico for delivery to, and to use in, Mexico.

b) It was further part of the conspiracy that certain Defendants would coordinate the delivery of money to purchase the firearms to the individuals or other Defendants who were purchasing the items.

c) It was further part of the conspiracy that certain Defendants would purchase the firearms themselves or find other individuals to purchase the firearms from FFLs in the District of Arizona.

d) It was further part of the conspiracy that other individuals or the Defendants would purchase firearms at the direction of, and on behalf of, the other Defendants and/or co-conspirators in exchange for payment.

e) It was further part of the conspiracy that, in purchasing the firearms, these individuals or the Defendants would make false statements and representations to the FFLs. In connection with each illegal purchase of a firearm, the purchasing individual or a Defendant would state that s/he was the actual transferee/buyer of the firearm(s).

f) It was further part of the conspiracy that certain Defendants would sometimes transport the individual who was purchasing the firearms to the business of the FFL to purchase the firearms.

g) It was further part of the conspiracy that, after the firearms were purchased,

certain Defendants would coordinate the delivery of the purchased firearms to the Defendants or other coconspirators who were exporting and sending the firearms from the United States to Mexico.

h) It was further part of the conspiracy that the Defendants would illegally acquire firearms for the purpose and with the intention of exporting and sending said firearms to the true purchasers and end users in Mexico in violation of federal law and regulations.

i) It was further part of the conspiracy that, following each firearm purchase, the Defendants and coconspirators known and unknown to the grand jury would conspire, confederate, and agree to knowingly export and send from the United States said firearms to Mexico without having applied for or obtaining any necessary license from the Department of Commerce.

**Overt Acts**

11. In furtherance of the conspiracy, one or more of the Defendants and co-conspirators committed, or caused to be committed, the overt acts described below:

a) On April 12, 2023, Defendant JORGE ADAN GARCIA MARTINEZ drove another person to USA Pawn, an FFL in Yuma, Arizona, to purchase one firearm, and Jones and Jones, an FFL in Somerton, Arizona, to purchase two more firearms. During the purchases, the other person represented on ATF Forms 4473 that he was the actual purchaser of the firearms when in fact he was acquiring the firearms on behalf of other people in exchange for payment.

b) On December 15, 2023, Defendant JONATHAN DANIEL HERNANDEZ NORIEGA drove Defendant JOSE GUADALUPE COTA GARCIA to Jones and Jones, an FFL in Somerton, Arizona, to purchase four firearms. During the purchase, Defendant JOSE GUADALUPE COTA GARCIA represented on ATF Form 4473 that he was the actual purchaser of the firearms when in fact he was acquiring the firearms on behalf of other people in exchange for payment.

c) On June 21, 2024, Defendant ROANI HERNANDEZ JR. purchased two

- 6 -

firearms from Sprague's Sports, an FFL in Yuma, Arizona, and three firearms from Jones and Jones, an FFL in Somerton, Arizona. During the purchases, Defendant ROANI HERNANDEZ JR. represented on ATF Forms 4473 that he was the actual purchaser of the firearms, when in fact he was acquiring the firearms on behalf of other people in exchange for payment.

d) On June 21, 2024, Defendant JORGE ADAN GARCIA MARTINEZ coordinated the delivery of the firearms that Defendant ROANI HERNANDEZ JR. purchased to Defendant CARLOS EDUARDO DIAZ-BARBA in San Luis, Arizona.

e) On June 21, 2024, Defendant CARLOS EDUARDO DIAZ-BARBA concealed the five firearms Defendant ROANI HERNANDEZ JR. purchased in a vehicle and drove that vehicle to the port of entry in San Luis, Arizona.

f) Defendant CARLOS EDUARDO DIAZ-BARBA attempted to exit the United States and enter Mexico with the five firearms hidden in the vehicle.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-3

On or about the dates below, in the District of Arizona, Defendant JORGE ADAN GARCIA MARTINEZ knowingly and intentionally aided and abetted another person to make a false statement and representation in connection with the acquisition of firearms to the businesses below, which was intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of firearms by the businesses, which are licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the businesses, in that the other person executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Report, stating he was the actual transferee/buyer of the firearms, whereas in truth and fact, Defendant JORGE ADAN GARCIA MARTINEZ and the other person knew that the other person was buying the firearm(s) on behalf of a different person.

- 7 -

| Count | Date | FFL (Business) |
|---|---|---|
| 2 | April 12, 2023 | USA Pawn (Yuma, Arizona) |
| 3 | April 12, 2023 | Jones & Jones (Somerton, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### COUNTS 4-6

On or about the dates below, in the District of Arizona, Defendant JONATHAN DANIEL HERNANDEZ NORIEGA knowingly made a false statement and representation in connection with the acquisition of firearms to the business below, which was intended and likely to deceive the business as to a fact material to the lawfulness of a sale of firearms by the business, which is licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the business, in that JONATHAN DANIEL HERNANDEZ NORIEGA executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Report, stating he was the actual transferee/buyer of the firearms, whereas in truth and fact, he knew he was buying the firearm(s) on behalf of another person.

| Count | Date | FFL (Business) |
|---|---|---|
| 4 | April 4, 2023 | Jones & Jones (Somerton, Arizona) |
| 5 | June 14, 2023 | Jones & Jones (Somerton, Arizona) |
| 6 | June 19, 2023 | Jones & Jones (Somerton, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### COUNTS 7-10

On or about the dates below, in the District of Arizona, Defendant JOSE GUADALUPE COTA GARCIA knowingly made a false statement and representation in connection with the acquisition of firearms to the business below, which was intended and likely to deceive the business as to a fact material to the lawfulness of a sale of firearms by the business, which is licensed under the provisions of Chapter 44 of Title 18, United States

Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the business, in that JOSE GUADALUPE COTA GARCIA executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Report, stating he was the actual transferee/buyer of the firearm(s), whereas in truth and fact, he knew he was buying the firearms on behalf of another person.

| Count | Date | FFL (Business) |
|---|---|---|
| 7 | December 12, 2023 | Jones & Jones (Somerton, Arizona) |
| 8 | December 13, 2023 | Jones & Jones (Somerton, Arizona) |
| 9 | December 14, 2023 | Jones & Jones (Somerton, Arizona) |
| 10 | December 15, 2023 | Jones & Jones (Somerton, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNTS 11-14

On or about the dates below, in the District of Arizona, Defendant JOSE GUADALUPE COTA GARCIA knowingly made a false statement and representation to the business below, which is licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provision of Chapter 44 of Title 18, United States Code, to be kept in the records of the business, in that Defendant JOSE GUADALUPE COTA GARCIA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473, Firearms Transaction Record, stating that he resided at the address listed on the ATF Form 4473, when in truth and in fact, he knew he resided at a different address.

| Count | Date | FFL (Business) |
|---|---|---|
| 11 | December 12, 2023 | Jones & Jones (Somerton, Arizona) |
| 12 | December 13, 2023 | Jones & Jones (Somerton, Arizona) |
| 13 | December 14, 2023 | Jones & Jones (Somerton, Arizona) |

| 14 | December 15, 2023 | Jones & Jones (Somerton, Arizona) |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

### COUNTS 15-16

On or about the date below, in the District of Arizona, Defendant ROANI HERNANDEZ JR. knowingly made a false statement and representation in connection with the acquisition of firearms to the businesses below, which was intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of firearms by the businesses, which are licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the businesses, in that ROANI HERNANDEZ JR. executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Report, stating he was the actual transferee/buyer of the firearms, whereas in truth and fact, he knew he was buying the firearms on behalf of another person.

| Count | Date | FFL (Business) |
|---|---|---|
| 15 | June 21, 2024 | Jones & Jones (Somerton, Arizona) |
| 16 | June 21, 2024 | Sprague's Sports (Yuma, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### COUNT 17

On or about June 21, 2024, in the District of Arizona, Defendants JORGE ADAN GARCIA MARTINEZ and CARLOS EDUARDO DIAZ-BARBA did knowingly attempt to export and send merchandise, that is, (1) one Glock 44 22LR caliber pistol, serial number AHHH522, (2) one Glock 44 22LR caliber pistol, serial number AHRB965, (3) one Colt 1911 22LR caliber pistol, serial number WD093215, (4) one Colt 1911 22LR caliber pistol, serial number WD093221, (5) one Colt 1911 22LR caliber pistol, serial number WD093317, (6) four Glock 44, .22 caliber magazines, and (7) three Colt 1911, .22 caliber magazines, from the United States, contrary to Title 50, United States Code, Section 4819,

and Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774, a law and regulation of the United States.

In violation of Title 18, United States Code, Sections 554(a) and 2.

### COUNT 18

On or about June 21, 2024, in the District of Arizona, Defendants CARLOS EDUARDO DIAZ-BARBA and JORGE ADAN GARCIA MARTINEZ knowingly received firearms, that is, (1) one Glock 44 22LR caliber pistol, serial number AHHH522, (2) one Glock 44 22LR caliber pistol, serial number AHRB965, (3) one Colt 1911 22LR caliber pistol, serial number WD093215, (4) one Colt 1911 22LR caliber pistol, serial number WD093221, and (5) one Colt 1911 22LR caliber pistol, serial number WD093317, knowing and having reasonable cause to believe that such firearms would be used in a drug trafficking crime, that is, Distribution of Controlled Substances for Purpose of Unlawful Importation, in violation of Title 21, United State Code, Sections 959(a) and 960(a)(3).

All in violation of Title 18, United States Code, Sections 924(h) and 2.

### FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 18 of this indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853, and Title 28, United States Code, Section 2461(c), upon conviction of the offense alleged in Counts 1 through 18 of this indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

- 11 -

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853, and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date: November 5, 2024

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/*
MARIA R. GUTIERREZ
BRANDON M. BROWN
Assistant U.S. Attorneys

- 12 -