GARY RESTAINO
United States Attorney
District of Arizona
MARIA R. GUTIERREZ
Arizona State Bar No. 026659
BRANDON M. BROWN
Arizona State Bar No. 028892
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Maria.Gutierrez@usdoj.gov
Email: Brandon.Brown3@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-24-1820-001-PHX-DJH |
| Plaintiff, | |
| vs. | **UNITED STATES' SUPPLEMENTAL MEMORANDUM RE: CONSIDERATION OF DANGEROUSNESS FOR DETENTION** |
| Jorge Adan Garcia Martinez, | |
| Defendant. | |

The United States files this supplemental memorandum, providing authority that the Court must consider the danger a defendant poses to any other person or the community, in determining whether a Defendant is detained pending trial, pursuant to 18 U.S.C. § 3142(g)(4). Since Defendant poses a serious risk of flight under § 3142(f)(2)(A), the Government is entitled to a detention hearing where the Court shall consider all factors under 18 U.S.C. § 3142 (g), including prong (g)(4), the nature and seriousness of the danger to any person or the community posed by Defendant's release.

**<u>FACTS</u>**

Incorporating the facts submitted to the Court in the Government's Detention Memorandum (Doc. 10), the Government submits the following supplemental facts.

Defendant was charged by complaint with a violation of 18 U.S.C. §§ 554(a) and 2, Aiding and Abetting the Smuggling of Goods from the United States, which is a felony offense. The complaint alleges that the smuggled goods were five firearms and magazines (Doc. 1, p. 2). The complaint established probable cause that Defendant coordinated the straw purchase and smuggling of five firearms and magazines to Mexico. Those firearms and magazines were seized from a vehicle in the outbound lane of the San Luis Port of Entry as it was headed toward Mexico.

Prior to Defendant's initial appearance, Pretrial Services found Defendant to be a flight risk based on his "weekly travel, strong familial ties, and prior residence in Mexico," and a danger to the community based on the nature of the offense, mental health issues, and substance use history. (Doc. 5.) Their recommendation in the Pretrial Services Report was that no combination of conditions could assure the Defendant's appearance in Court, or the safety of the community. *Id*. In a supplemental report filed on October 10, 2024, Pretrial Services noted that Defendant's aunt, the owner of the residence where Defendant was residing prior to his arrest, was not willing to act as a third-party custodian, and that Pretrial Services was not welcome at her residence. Therefore, the residence was not a suitable for supervision. (Doc. 6).

At his Initial Appearance in Yuma, Defendant was temporarily detained. (Doc. 4.) The Court also set a status hearing in Phoenix on the issues of detention and preliminary hearing.

At the status hearing, Defendant requested to be screened for Crossroads. The Court granted the request for screening, commenting that Crossroads could be a possible placement, and without a motion from the Government, the Court set a detention hearing to take place after the screening. (*See* Doc. 7.) Presumably, since the Government was not asked to provide a basis for the detention hearing, the Court set the hearing on its own motion, under 18 U.S.C. § 3142(f)(2)(A)(serious flight risk), as the Court was not aware that the United States had evidence that the Defendant was involved in violent acts in

Mexico and that Defendant admitted that he coordinated 20-30 murders in Mexico as well as being the leader of a *sicario*/enforcement group that committed these violent acts.

Prior to the Detention Hearing, the Government filed a Detention Memorandum, arguing Defendant was both a flight risk based on his strong ties to Mexico, and a danger to the community based on Defendant's admission that he was the leader of a *sicario* group, and videos in his phone showing him and members of his *sicario* group dismembering bodies, interrogating restrained victims, and executions. The Government's memorandum argued the detention factors that a court *shall* consider under 18 U.S.C. § 3142(g), when determining whether a Defendant should be detained, which includes danger to the community under § 3142(g)(4). The government did not address 18 U.S.C. § 3142(f), which governs whether the Government is entitled to a detention hearing, because the Court previously set the detention hearing on its own motion, which it has the power to do under § 3142(f)(2)("upon a judicial officer's own motion, in a case that involves – (A) a serious risk that such person shall flee").

At the detention hearing, this Court had concerns about which prong of § 3142(f)(1) the Government was proceeding under, and whether the Court could consider danger to the community if the charged offense did not fall under § 3142(f)(1). The Government believed it was entitled to a detention hearing on several grounds, pursuant to §§ 3142(f)(2)(A)(serious flight risk), 3142(f)(2)(B)(risk of obstruction or witness intimidation), and 3142(f)(1)(E)(a felony that involves the possession of a firearm). In response to the question about § 3142(f)(1), the Government responded that it was proceeding under prong (E) – a felony that involves a firearm and proceeded with its argument as to both flight and danger. At the conclusion of the hearing this Court asked the Government to brief whether this Court can consider dangerousness as a factor for detention if the underlying offense, Smuggling of Goods from the United States, did not satisfy § 3142(f)(1)(E).

Subsequent to that hearing, Defendant was indicted on additional charges, including one count of 18 U.S.C. § 924(h) (Receipt of a Firearm for Use in a Drug Trafficking

Crime), which on its elements, is a felony that "involves the possession or use of a firearm,"[1] as it requires knowing transfer of "a firearm, knowing that such firearm will be used to commit [. . .] a drug trafficking crime." Title 18, U.S.C. § 924(h).

The Government now files this Memorandum, providing authority that it is entitled to a detention hearing under §§ 3142(f)(2)(A)(serious flight risk), 3142(f)(2)(B)(risk of obstruction or witness intimidation), and 3142(f)(1)(E)(a felony that involves the possession of a firearm). Once a preponderance exists as to any of those grounds, at a detention hearing, the Court must consider all the factors in § 3142(g), including danger to the community.

**ARGUMENT**

The Government is entitled to a detention hearing once any one of the seven prongs under 18 U.S.C. § 3142(f) are satisfied. "Under the Bail Reform Act, the United States may only move for pretrial detention of a defendant in cases that fall into one of seven categories. 18 U.S.C. § 3142(f)(1)(A)-(E), (2)(A)-(B). Four of these categories center on the nature of the crime charged, including whether the defendant is charged with a crime of violence. *See* 18 U.S.C. § 3142(f)(1)(A), (B), (C), (E). The remaining categories involve cases in which the defendant has a particular set of prior convictions, cases that involve a serious risk of flight, and cases involving obstruction of justice, witness tampering, or jury tampering." *United States v. Hollingberry*, No. 2003058MJ001PHXMTM, 2020 WL 2771773, at *2 (D. Ariz. May 28, 2020), aff'd, No. 20-10183, 2020 WL 5237342 (9th Cir. July 23, 2020) (memorandum decision). Additionally, the court can hold a detention hearing "upon a judicial officer's own motion, in a case that involves – (A) a serious risk that such person shall flee". 18 U.S.C. §3142(f)(2). Therefore, while the Government is not entitled to a detention hearing based on dangerousness alone without satisfying one of the seven prongs under § 3142(f), it is entitled to a detention hearing once it has shown "by

---

[1] 18 U.S.C. § 3142(f)(1)(E)

- 4 -

a preponderance of the evidence that a case falls into one of these seven categories." *U.S. v. Hollingberry* at 2. *See also United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 782 (W.D. Wash. 2019) (citing *United States v. Friedman*, 837 F.2d 48, 49 (2d. Cir. 1988)).

Further, while the prongs of 18 U.S.C. § 3142(f)(1) have a presumption of detention if additional requirements are satisfied under 18 U.S.C. § 3142(e)(2), the Bail Reform Act does not have any language indicating that only some prongs of § 3142(f) allow the court to consider danger and/or safety of the community at a detention hearing.

Once a court finds that any of the seven prongs of 18 U.S.C. § 3142(f) are satisfied, "the Bail Reform Act requires the Court to consider certain factors in determining whether to detain or release the defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against Defendant; (3) the history and statutorily specified characteristics of the person; *and* (4) *the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release*." *U.S. v. Hollingberry* at 2 (emphasis added). *See also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)("Section 3142(g) specifies the various factors that must be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community.") In sum, § Section 3142(f) sets out the conditions that entitle the government to a detention hearing, and § Section 3142(g) sets out the factors the court must consider when determining whether a Defendant will be detained.

In this case the Government is entitled to a detention hearing under § 3142(f)(2)(A) as Defendant poses a serious flight risk. At the Detention Hearing, this Court stated that the Government had met its burden of proving by a preponderance that Defendant was a serious flight risk but held off on ruling whether conditions could be established to reasonably assure Defendant's appearance. Since that prong of § 3142(f) is satisfied, pursuant to § 3142(g), the Government is entitled to a detention hearing where the Court "*shall*, in determining where there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community,

take into account the available information concerning [. . .] (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g) and (g)(4)(emphasis added).

While the Government is only required to satisfy one prong of § 3142(f) to be entitled to a detention hearing, in this case, facts also exist satisfying §3142(f)(2)(B), risk of obstruction or witness intimidation. Defendant admitted he was the leader of a *sicario* group, facilitated 20 to 30 murders in Mexico, and his phone contained video of Defendant smiling and celebrating as he decapitated a dead body. Someone that comfortable committing the violent acts listed above poses a significant risk of threatening, intimidating, or injuring a potential witness or juror.

Additionally, the Government is entitled to a detention hearing under § 3142(f)(1)(E), a felony that involves the possession of a firearm. Whether this Court can consider the underlying facts of the 18 U.S.C. § 554(a)(Smuggling of Goods) charge from the Complaint is now moot, as Defendant is now charged with a violation of 18 U.S.C. § 924(h), a felony, that includes as an element, the transfer (and necessarily the possession), of a firearm.

As such, the Government is entitled to a detention hearing where the Court must consider the danger Defendant poses to the community and may detain Defendant if it finds that there are no conditions or combination of conditions the Court can impose that will reasonably assure the safety of the community, or Defendant's appearance as required.

**CONCLUSION**

Based on the points and authorities above, the Government submits that in this case it is entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f). At that hearing, the Court must consider the danger Defendant poses to the community and can detain

\\\

\\\

\\\

Defendant based on that danger pursuant to § 3142(g).  As such, the Court should detain Defendant as both a flight risk and danger.

Respectfully submitted this 6th day of November, 2024.

GARY RESTAINO
United States Attorney
District of Arizona

*s/Brandon M. Brown*
Maria R. Gutierrez
Brandon M. Brown
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Taylor Fox, Attorney for the Defendant.

*s/Brandon M. Brown*
U.S. Attorney's Office